### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 12-512-11 |
| | : | |
| HECTOR GONZALEZ | : | |

### MEMORANDUM OPINION

**Savage, J.**                                                                                              **August 10, 2016**

The defendant moves for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). He invokes Amendment 782 to the U.S. Sentencing Guidelines, which reduced the offense level of certain drug offenses by two levels.

Because he was sentenced based on his status as a career criminal and not based on a sentencing range affected by Amendment 782, the defendant is not eligible for a reduction. Therefore, his motion will be denied.

After the defendant pleaded guilty to conspiracy to distribute one or more kilograms of heroin and one count of possession with intent to distribute heroin, he was sentenced to a term of 84 months. As calculated by the Probation Office, pursuant to U.S.S.G. § 2D1.1(c), the base offense level was 32. However, due to his two prior drug convictions, his offense level was raised under § 4B1.1, resulting in an offense level of 37. After a three level reduction for acceptance of responsibility, the total offense level was 34. Together, his criminal history category of VI and the total offense level of 34 resulted in a guideline range of 262 to 327 months.

At sentencing, the government moved for a downward departure under U.S.S. G. § 5K1.1 and 18 U.S.C. § 3553(e) for substantial assistance. The defendant was sentenced to 84 months, a downward departure from the applicable guideline range.

Section 3582(c)(2) permits the district court to reduce a sentence of imprisonment where: (1) the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 782 reduced the base offense levels assigned to specific drug quantities on the § 2D1.1 Drug Quantity Table by two levels. U.S.S.G. App. C. Amend. 782 (Nov. 1, 2014). The reduction resulted in a lower total offense level, effectively reducing the guideline sentencing range. At the same time, the Sentencing Commission made the amendment retroactive.

In determining whether Amendment 782, like any other retroactive guideline amendment applies, the district court engages in a two-step analysis. First, the district court calculates what the amended guideline range would have been had the relevant amendment been in effect at the time of the initial sentencing. Second, it considers the relevant § 3553(a) factors to determine, in its discretion, whether the reduction under the first step is warranted. *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Before engaging in the analysis, the district court must determine whether the reduction is "consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* at 827. The Guidelines Manual permits only a reduction based on amendments listed in subsection (c). U.S.S.G. § 1B1.10(b)(1). All other guideline applications must be left undisturbed.

The applicable policy statement, § 1B1.10(a)(2)(B), does not authorize a sentence reduction if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). To be eligible for a sentence

2

reduction, the amended base offense level must lower the defendant's sentencing range.

A reduction is not authorized under § 3582(c)(2) if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment." U.S.S.G. § 1B1.10, n.1 (A). The mandatory sentence sets the bottom of the applicable guideline range. Where the guideline range is lower than the statutory minimum, the higher statutory minimum becomes the guideline sentence. U.S.S.G. § 5G1.1(b). Thus, when the amended range falls below the statutory minimum sentence, the sentence may not be reduced.

The defendant's guideline range was determined by his career offender status. The reduction of his base offense level would not affect his guideline range. Section 4B1.1(b) mandates that if the offense level for a career offender, as defined in § 4B1.1(a), is greater than the offense level otherwise applicable, the career offender offense level applies. The career offender guideline bases the sentence on the "offense statutory maximum." U.S.S.G. § 4B1.1 Comment (n2).

Amendment 782 applies only to the guideline range that was calculated on the basis of the drug quantity under § 2D1.1. The career offender guideline, § 4B1.1, was not affected by Amendment 782. Pursuant to § 1B1.10(b)(2), the district court may only lower a guideline range as a result of the amendments listed in subsection (d). The career offender guideline is not listed in subsection (d). Thus, because the "applicable guideline range" is not affected by Amendment 782 and has not been lowered, it may not be amended to lower the guideline range. *United States v. Mateo*, 560 F.3d 152, 154-55 (3d Cir. 2009).

In conclusion, the defendant's guideline range was fixed by the career offender guideline, § 4B1.1, and not by the drug quantity table, § 2D1.1. Therefore, he is ineligible for a reduction under Amendment 782. *Mateo*, *supra* at 154.